```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
   SOUTHERN DIVISION
          LONDON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 09-43-ART |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TONY TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The defendant filed a motion to suppress evidence obtained during an allegedly unlawful search. R. 56. United States Magistrate Judge Robert E. Wier held a lengthy hearing on the motion with testimony from several witnesses. R. 81. On July 26, 2010, Judge Wier issued a recommended disposition of the defendant's motion, recommending that the Court deny the motion to suppress in its entirety. R. 99. The defendant filed an objection to Judge Wier's recommended disposition. R. 100. Following a status conference with the Court held on August 2, 2010, R. 102, the United States filed a response to the defendant's objection. R. 104. In an order dated August 5, 2010, the Court ordered both parties to address certain outstanding issues in supplemental briefing. R. 105. Both the defendant, R. 114, and the United States, R. 207, filed briefs in response.

**I. The Motion to Suppress Based on the Search Warrant, R. 56**

The Court has reviewed the recommended disposition regarding this motion, R. 99, the objection by the defendant, R. 100, the United States's response, R. 104, and both parties' supplemental briefs filed in response to the Court's order dated August 5, 2010, R. 107 & 114.

Because the search warrant issued in this case was supported by probable cause and described the items to be seized with sufficient particularity, the Court adopts Judge Wier's recommended disposition and denies the defendant's motion to suppress the evidence. In any event, the police officers in this case acted in good faith. Therefore, suppression is not an appropriate remedy.

### A. Probable Cause

For the reasons stated in Judge Wier's thoughtful opinion, the information provided in the affidavit accompanying the search warrant establishes probable cause to search the defendant's property for ATVs and items that could be used to steal ATVs. R. 99 at 9. Therefore, the Court adopts Judge Wier's conclusion that the warrant was supported by probable cause.

### B. Particularity

The Court agrees with Judge Wier that the warrant issued in this case described the items to be seized with sufficient particularity. The Fourth Amendment requires that "no Warrants shall issue [unless they] particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The purpose of the particularity requirement is to limit the discretion of law enforcement officers in conducting a search. But particularity is not an overly onerous standard. As the Sixth Circuit has reiterated time and time again, "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *See, e.g.*, *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) (quoting *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999)); *United States v. Henson*, 848 F.2d 1374, 1382-83 (6th Cir. 1988). While warrants authorizing law enforcement officers to search

2

for evidence of crime or generalized criminal activity are not adequately particularized, *see United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992) (holding that warrant authorizing search for "any other evidence relating to the commission of a crime" was not sufficiently particularized), courts will uphold generic descriptions of items subject to seizure where the warrant, in context, sufficiently cabins the search to evidence of a specific and identifiable illegal activity.

In his opinion, Judge Wier ably demonstrates how the warrant issued in this case is similar to the warrant upheld by the Fourth Circuit in *United States v. Dickerson*, 166 F.3d 667, 693-94 (4th Cir. 1999). R. 99 at 10-12. Just as bank robbery is "a specific illegal activity that . . . generates quite distinctive evidence," *Dickerson*, 166 F.3d at 694, so too does the crime of ATV theft involve readily identifiable and ascertainable implements. In the hearing before Judge Wier, defense counsel easily defined the types of materials that a thief could use to steal an ATV. R. 99 at 11-12. Defense counsel also easily identified the kinds of items that can be used to steal an ATV in filings with the Court. *See* R. 69 at 2 ("One can envision several ways that ATVs could be stolen. They could be stolen by 'hot wiring' using hand tools, or by starting them up and driving them away with the use of a key. It is equally plausible that ATVs could be stolen by rolling ATVs into trailers or loading ATVs onto the back of a truck."). While multiple items could fall within the warrant's terms, this by no means dooms the warrant's particularity. "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *Henson*, 848 F.2d at 1383. It was impossible for the police officers to know how, exactly, the defendant may have stolen the ATV.

3

Therefore, the more generic formulation included in the search warrant was permissible.

Other courts have held that warrants with language similar to the warrant issued in this case are sufficiently particularized. *See, e.g.*, *United States v. Reeves*, 210 F.3d 1041, 1046 (9th Cir. 2000) (upholding warrant authorizing search for "evidence of the possession, manufacture, and delivery of the controlled substance methamphetamine"); *United States v. Moore*, 149 F.3d 773, 782-83 (8th Cir. 1998) (upholding warrant authorizing search for "drug paraphernalia"); *Grimaldi v. United States*, 606 F.2d 332, 339 (1st Cir. 1979) (upholding warrant authorizing search for "paraphernalia used in the manufacture of counterfeit federal reserve notes"). The warrant in this case authorized police officers to search for "any items that could be used in the theft of ATVs." R. 26, Attach. 4. Because this generic description limited officers in their search to a relatively circumscribed class of implements that could be used to accomplish a specific criminal activity, the warrant was adequately particularized.

The defendant claims that the warrant was not particularized because the officers could have done better. Because Deputy Benge had previously investigated several ATV thefts, the defendant claims that he should have provided the issuing magistrate with an "explanation or illustrative list regarding what sort of items are used to steal ATVs." R. 114 at 3-4. It is certainly true that the officers in this case could have provided the issuing magistrate with more information, including a non-exclusive list of implements that could be used to steal an ATV. But, as Judge Wier wrote, "the Court need not determine that a warrant is 'good' or 'perfect' in order to uphold its validity." R. 99 at 11. The warrant need only be "as specific as the circumstances and the nature of the activity under investigation permit." *Henson*, 848 F.2d at

4

1383. The search warrant in this case meets that standard. As such, the Court adopts Judge Wier's conclusion that the warrant was adequately particularized, and therefore complies with the Fourth Amendment.

**C. Good Faith**

The Court also agrees with Judge Wier that the police officers conducted the search in this case in good faith. As such, even if the warrant were invalid (which it is not), suppression would be inappropriate because it would not have any deterrent effect.

Under the rule enunciated by the Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984), evidence seized pursuant to a warrant on which law enforcement officers reasonably and in good faith rely will not be suppressed, even if the warrant later turns out to be invalid. *See also United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006). The defendant argues that the good faith exception does not apply in this case because the affidavit was "bare bones" and "so lacking in indicia of probable cause as to render belief in its validity objectively unreasonable." R. 114 at 7. Relatedly, the defendant also argues that the warrant itself was so obviously facially deficient that the officers' reliance on it was not reasonable. R. 100 at 9. For the reasons enunciated by Judge Wier, the Court disagrees. *See* R. 99 at 14. An affidavit is not bare bones if it provides "a reasonable connection between the defendant and the alleged crime." *United States v. Paull*, 551 F.3d 516, 523 (6th Cir. 2009). This connection must be based on facts, not mere suspicion or speculation. *See United States v. West*, 520 F.3d 604, 611 (6th Cir. 2008). The warrant affidavit in this case easily passes the "bare bones" threshold. Although relatively brief, the warrant affidavit adequately connected Taylor's residence and outbuildings and the

items to be seized with suspected criminal activity using specific facts—Deputy Benge observed a stolen ATV on defendant's property and tire tracks leading from the outbuilding to the ATV. R. 26, Attach. 4.

Undoubtedly, the affidavit could have been better. Deputy Benge could have provided more specific information based on his experience investigating other ATV thefts. But this does not render the affidavit "bare bones." Search warrant affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *United States v. Brooks*, 594 F.3d 488, 490 (6th Cir. 2010) (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). Under the circumstances of this case, the Court agrees with Judge Wier's conclusion that the warrant affidavit was neither bare bones nor so lacking in indicia of probable cause as to render belief in its validity objectively unreasonable. Neither is the warrant itself obviously facially deficient. This conclusion follows logically from the fact that the warrant was adequately particularized and the affidavit was not bare bones. Therefore, the search in this case easily fits within the *Leon* good faith exception.

Further, suppression is inappropriate in this case because the police did what they were supposed to do. The exclusionary rule is a "judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect . . . ." *Leon*, 468 U.S. at 906 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)). Where the police have not misbehaved, there is nothing to deter, and hence no reason for the exclusionary rule to operate. *See United States v. Carr*, 355 F. App'x. 943, 950 (6th Cir. 2009) (Thapar, J., dissenting) (recognizing that suppression is not appropriate where police do "exactly what society would

want them to do"). In this case, as Judge Wier recognized, the police acted "cautiously and deliberately" in halting their investigation after locating the stolen ATV on the defendant's land, waiting several hours to secure a warrant, and only then initiating a search. R. 99 at 14 n.6. It is possible that the issuing judge should have demanded more information when the police officers requested the warrant. But, as discussed, there is plenty of law supporting warrants that essentially say no more than that officers are seeking the tools of the trade. The police officers in this case reasonably relied on a warrant that they obtained following established procedures. As such, suppression in this case would be inappropriate.

**D. Inevitable Discovery and Consent**

The United States argues that the evidence seized in the defendant's residence is also admissible under the inevitable discovery exception. R. 104 at 11. Because Deputy Benge entered the defendant's house when the defendant asked if he and his girlfriend, Delphia Osborne, could go inside, the United States argues that Deputy Benge was in the house lawfully and would have discovered the seized items anyway. The United States is incorrect in its reliance on the inevitable discovery exception. Inevitable discovery permits admission of illegally obtained evidence "if the government can 'establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means.'" *United States v. Lazar*, 604 F.3d 230, 239 (6th Cir. 2010) (quoting *Nix v. Williams*, 467 U.S. 431, 444 (1984)). A typical example of inevitable discovery is *United States v. Garcia*, 496 F.3d 945 (6th Cir. 2007), in which the Sixth Circuit held that a pager seized during an unlawful *Terry* pat-down should be admitted because it inevitably would have been discovered during a search of

the defendant incident to a lawful arrest. *Id*. at 505-06. In this case, the United States is not arguing that some other warrant or warrant exception would have authorized the police officers to search the defendant's residence at a later time. Instead, the United States's argument is more appropriately viewed as an argument that the defendant consented to the search of his residence. If the warrant were invalid, consent would be the only other lawful means by which the police could have entered the defendant's residence. But the United States has not affirmatively argued consent in its briefing. Therefore, the Court declines to reach the issue of whether the search would be valid under the alternative ground of consent.

**II. Conclusion**

Accordingly, it is **ORDERED** as follows:

(1) The motion to suppress based on the search warrant, R. 56, is **DENIED**.

(2) Judge Wier's recommended disposition, R. 99, is **ADOPTED**.

This the 11th day of August, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge

8