UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                          SOUTHERN DIVISION
                               LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 09-43-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| TONY TAYLOR, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

                          *** *** *** ***

The defendant, Tony Taylor, filed a second motion in limine, R. 139, asking the Court to exclude (1) the curriculum vitaes ("CVs") of the government's proposed expert witnesses and (2) evidence of Taylor's prior purchases of over-the-counter medication. The United States responded. R. 144. Because the United States has indicated that it will not seek to admit the CVs of its expert witnesses at trial and because the United States may properly introduce evidence of Taylor's prior purchases of over-the-counter medication under Federal Rule of Evidence 404(b), Taylor's motion is denied.

## DISCUSSION

### I. Curriculum Vitaes

In its reply to Taylor's motion, the United States indicated that it will not seek to admit the CVs of its expert witnesses at trial. R. 144 at 3. Therefore, Taylor's motion to exclude the CVs will be denied as moot.

### II. Prior Purchases of Over-the-Counter Medication

Taylor asks the Court to exclude evidence that he purchased over-the-counter medication

containing pseudoephedrine on five occasions between February 5, 2009 and April 27, 2009. Taylor argues that the Court can admit the evidence of the prior purchases only if the United States establishes that the pseudoephedrine pills Taylor purchased are the same kind of pseudoephedrine pills police officers found during a search of Taylor's house on May 5, 2009. R. 139 at 3-4. Otherwise, Taylor contends, the purchases would merely be evidence of prior attempted methamphetamine ("meth") manufacturing, which is inadmissible under Rule 404(b) of the Federal Rules of Evidence. *Id.* at 4. Taylor's arguments are incorrect.

Rule 404(b) prohibits introducing "[e]vidence of other crimes, wrongs, or acts" for the purpose of proving "the character of a person in order to show action in conformity therewith." But that is all that 404(b) prohibits. The rule does not prohibit using evidence of other crimes, wrongs, or acts to prove issues *other than* character. The rule itself provides a non-exhaustive list of permissible non-character uses: "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . . ." Fed. R. Evid. 404(b). Rule 404(b) is a "rule of inclusion, not exclusion." *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). Therefore, the ultimate question is whether the United States has a valid purpose for introducing evidence of Taylor's prior purchases of over-the-counter medication *other than* to show Taylor's character or action in conformity with that character.

In the Sixth Circuit, there is a three-step inquiry for determining whether evidence of other acts is admissible under Rule 404(b). The district court must (1) "make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place," then (2) "determine whether those 'other acts' are admissible for a proper purpose under Rule

2

404(b)," and finally (3) "determine whether the 'other acts' evidence is more prejudicial than probative." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)).

### A. There is Sufficient Evidence that the Other Acts Occurred

The United States must first present sufficient evidence that the other acts—Taylor's purchases of over-the-counter medication containing pseudoephedrine on five different occasions—took place. The standard is not particularly rigorous; the government need not prove that the defendant committed the acts by a preponderance of the evidence. *Huddleston v. United States*, 485 U.S. 681, 689 & n.6 (1988). But the standard is not a walk-in-the-park either. Innuendo and unsubstantiated conjecture are not enough. The United States must introduce sufficient evidence for the jury to "reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at 689.

The evidence that the United States has indicated it will present easily meets this threshold. The United States says it will introduce the testimony of TFO-ATF agent Chris Fultz, who will testify that he consulted the MethCheck database and verified that records show Taylor purchased over-the-counter medication containing pseudoephedrine on February 5 and 12, 2009, March 13 and 20, 2009, and April 27, 2009. R. 144 at 5-6. Taylor does not dispute the accuracy of the MethCheck records. He even admits that he "purchased over-the-counter medicines at three different pharmacies . . . ." R. 139 at 3. Therefore, there is sufficient evidence for a reasonable jury to conclude that Taylor actually made the purchases in question.

### B. Evidence of the Prior Purchases is Admissible for a Proper Purpose

Evidence of Taylor's five prior purchases of over-the-counter medication containing pseudoephedrine is admissible because it is "probative of . . . material issue[s] other than character." *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004). "Material" issues include facts "that the statutory elements obligate the government to prove." *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). Count Three of the superceding indictment charges Taylor with "knowingly and intentionally attempt[ing] to manufacture . . . methamphetamine." R. 141. Because the charged offense has a specific intent *mens rea* requirement, Taylor's intent is "in issue," and the United States may introduce evidence of other acts to prove that Taylor acted with the required intent. *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) ("[W]here the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise."). Evidence of Taylor's prior purchases of medication is probative of Taylor's intent to attempt to manufacture meth.

In determining whether evidence of other acts is probative of intent, the Court looks to "whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue." *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002) (internal citations omitted). The evidence at issue in this motion is clearly probative of Taylor's intent. The search of Taylor's house revealed several devices and ingredients used in meth production, including a white grinder, lithium batteries, and five cans of starter fluid. R.

4

144 at 3. Evidence that Taylor also purchased another key ingredient—pseudoephedrine—from pharmacies five times during the three months prior to his arrest is clearly probative of his intent to attempt to manufacture meth. The Seventh Circuit recently confronted this very issue. In *United States v. Stotler*, 591 F.3d 935 (7th Cir. 2010), the court held that evidence that the defendant had purchased large quantities of medication containing pseudoephedrine in Iowa in 2005 was probative of the defendant's intent to attempt to manufacture meth in Illinois in 2007, and therefore admissible under Rule 404(b). *Id.* at 941. To the Seventh Circuit, it was "not even a close question." *Id.* And it is not a close question in this case either. By way of an example, imagine that the government charges a defendant with knowingly and intentionally attempting to bake chocolate chip cookies. Evidence that the defendant purchased chocolate chips on five occasions during the three months preceding the alleged baking would clearly be probative of his intent to attempt to bake the cookies. The situation here is the same.

Taylor argues that evidence of his prior pharmacy purchases is only admissible if the purchases are "part of the same scheme or drug distribution" and have the same "*modus operandi*" as the present offense. R. 139 at 4 (quoting *Bell*, 516 F.3d at 443). Taylor further argues that the United States can only establish this required factual connection if it can prove that the pseudoephedrine pills Taylor purchased from the pharmacies were the same kind as those seized in Taylor's house. *Id.* This argument is misplaced. Taylor's quotations from the Sixth Circuit's decision in *Bell* are not applicable to the facts of his case. In *Bell*, the court held that evidence of the defendant's prior convictions for possession with intent to distribute drugs from several years before were not probative of his current charge of possession with intent to

5

distribute absent a showing that the prior offenses were part of the same distribution scheme or involved a similar *modus operandi*. *Bell*, 516 F.3d at 444. This restriction makes sense when the government seeks to introduce evidence of crimes that occurred several years earlier. Unless that prior crime was part of the same larger criminal plan, its probative value is very low, while the jury's inclination to make the forbidden character propensity inference—"he did it before, he probably did it again," *Bell*, 516 F.3d at 446 (quoting *Johnson*, 27 F.3d at 1193)—is very high.

In this case, however, the United States is not introducing the evidence of Taylor's prior purchases of medication to show that he attempted to manufacture meth before and therefore likely attempted to manufacture meth this time. That would be a forbidden character propensity inference under Rule 404(b), and the Court will give the jury a limiting instruction prohibiting it from considering the evidence for that purpose. Instead, the evidence is meant simply to show that Taylor purchased a necessary ingredient for manufacturing meth, which is probative of his intent to attempt to manufacture meth *on this occasion*.

Taylor further argues that the evidence of the prior pharmacy purchases is not admissible because the purchases are not "reasonably near in time." R. 139 at 4-5. The purchases occurred five times between February 5, 2009 and April 27, 2009. The indictment charges Taylor with attempting to intentionally manufacture meth on or about May 5, 2009. Taylor does not cite any legal support for his contention that these pseudoephedrine purchases—the last of which occurred just *eight days* before the attempted manufacturing charged in the indictment—were not reasonably near in time. While there is no set line in the sand that differentiates a reasonably

6

long lapse of time from an unreasonably long lapse of time, *see United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985), these over-the-counter purchases, all of which occurred within three months of the charged offense, are reasonably near in time to the offense for which Taylor was indicted. Indeed, in *Stotler*, the Seventh Circuit admitted evidence of pseudoephedrine purchases from more than *two years* prior to the charged offense. 591 F.3d at 941. If two years was reasonably close in time in *Stotler*, three months is clearly not too long here. *See also United States v. Saguil*, 1999 WL 273233, *1-2 (9th Cir. 1999) (evidence that defendant purchased tools and ingredients used in methamphetamine production two months prior to arrest probative of defendant's knowledge and intent).

Evidence of Taylor's prior purchases may be admissible for other permissible purposes as well, such as showing knowledge, plan, or preparation. But the Court need not decide if the evidence is admissible for those purposes at this juncture. It is enough that evidence of Taylor's prior purchases of over-the-counter medication containing pseudoephedrine is probative of his intent—a material issue other than character.

**C.      Evidence of the Prior Acts is Not More Prejudicial than Probative**

Even if the evidence of Taylor's prior pharmacy purchases is probative of a material issue other than character, the court should not admit the evidence if its "prejudicial impact . . . substantially outweighs its probative value." *Bell*, 516 F.3d at 444. This final prong does not come from Rule 404(b) itself, but instead from the general provisions of Rule 403, which provides that otherwise relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." In this case, however, there is no danger that

7

the prejudicial impact of the evidence of Taylor's prior purchases of medication will substantially outweigh its probative value.

As set forth above, the proffered evidence is probative of Taylor's intent. Taylor argues that the probative value of the evidence is low because the United States already has substantial evidence that he attempted to manufacture meth. R. 139 at 5. This evidence includes "precursors, equipment, and paraphernalia associated with methamphetamine production" as well as testimony from eye witnesses. *Id.* On top of all this evidence, Taylor contends, evidence that he purchased over-the-counter medication containing pseudoephedrine is cumulative and "has very little additional probative value." *Id.* Taylor may be correct that the United States has several other pieces of evidence against him. But that does not render evidence of his prior medication purchases less probative in any significant way. After all, pseudoephedrine is one of the key ingredients required to manufacture meth. Returning to a useful example, if the government proved that a defendant charged with baking chocolate chip cookies had many of the other required ingredients and tools—flour, sugar, eggs, mixing bowls, etc.—evidence that the defendant also purchased chocolate chips would still be highly probative. Similarly, in this case, even if the United States already has evidence that Taylor possessed other ingredients and necessary equipment, Taylor's purchases of pseudoephedrine on several prior occasions are highly probative of his intent to attempt to manufacture meth. While it may be true that the evidence would be *more* probative if the government's case was weak, the evidence of Taylor's prior purchases is still highly probative.

Balanced against the probative value of the evidence, the danger of unfair prejudice is

relatively minimal. Evidence is unfairly prejudicial if "the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person . . . and that if 'he did it before he probably did it again.'" *Johnson*, 27 F.3d at 1193. But evidence is *not* unfairly prejudicial if it merely damages the defendant's case as a result of its "legitimate probative force." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999). Most of the cases that have excluded evidence as unfairly prejudicial involved evidence of other *crimes*. For obvious reasons, the tendency of the jury to draw the forbidden character propensity inference is particularly great when the prior act is a criminal offense. But here, the United States seeks to introduce evidence of prior *legal* purchases of over-the-counter medication containing pseudoephedrine. Evidence that Taylor purchased Sudafed and Claritin-D are unlikely to evoke the same kind of ire from the jury as evidence of a prior conviction for distributing drugs. It is possible that the jury could draw an impermissible character propensity inference—because Taylor purchased pseudoephedrine on previous occasions, he intended to manufacture meth on those occasions, and therefore he likely also intended to manufacture meth on this occasion. But the Court can easily cure this potential prejudice with a limiting instruction. *See United States v. Davis*, 707 F.2d 880, 884 (6th Cir. 1983) ("Though the chance of prejudice is always present in a 404(b) situation, the district judge greatly reduced this problem by giving the jury a limiting instruction informing them to use the [404(b) evidence] only in determining intent . . . ."). Therefore, especially with a proper limiting instruction, the potential for unfair prejudice does not substantially outweigh the probative value of the evidence.

## CONCLUSION

For these reasons, it is **ORDERED** that Taylor's second motion in limine, R. 139, is **DENIED** in its entirety. In particular, Taylor's motion to exclude the CVs of the government's expert witnesses is **DENIED AS MOOT**, and Taylor's motion to exclude evidence of his prior purchases of over-the-counter medication is **DENIED**.

It is further **ORDERED** that the parties shall work together to craft a proposed limiting instruction for the Court to give the jury concerning the evidence of Taylor's prior purchases of over-the-counter medication. The parties shall file their proposed joint instruction with the Court no later than **September 17, 2010**. If the parties are unable to agree on a single limiting instruction, then each party shall file a proposed limiting instruction no later than **September 17, 2010**. The Court will then decide on an appropriate limiting instruction, which the Court will read to the jury both at the time the evidence is introduced and during the charge to the jury.

This the 9th day of September, 2010.

Signed By:
*Amul R. Thapar*
United States District Judge